## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MACSON PETIT-JEAN, on behalf of
himself and all others similarly
situated,

       Plaintiff,

v.                              Case No:   2:13-cv-457-FtM-29CM

A&M CAPITAL INVESTMENTS
GROUP, LLC and ANTHONY
CHINAGLIA,

       Defendants.

_____

### REPORT & RECOMMENDATION[1]

      Before the Court is this Court's Order to Show Cause (Doc. 18), directing

Plaintiff *pro se* Macson Petit-Jean's ("Petit-Jean") to show cause by May 5, 2014 why

this matter should not be dismissed for failure to comply with Federal Rule of Civil

Procedure 4, as Defendants had not yet been properly served.   Doc. 18.   The Court

cautioned Plaintiff in its Order that failure to show cause would result in this matter

being dismissed without further notice.   *Id.* at 4, ¶ 2.   The Order also allowed

Plaintiff's counsel to withdraw because he had been unable to contact his client by

phone or mail for some time in order to proceed with the case.[2]   *Id.*   The docket

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

[2] The Court denied Plaintiff counsel's first request to withdraw (Doc. 14) without prejudice because good cause had not been shown.   Doc. 16.

reflects that the Order was mailed to Plaintiff at 917 Bluebird Street, Naples, Florida, 34104, and was not returned as undeliverable.[3]   To date, Plaintiff has not filed a response to the Court's Order to Show Cause and has failed to serve Defendants in this matter.   Therefore, the Court now recommends that this matter be dismissed for failure to prosecute.

A court may act *sua sponte* to dismiss an action based on a plaintiff's failure to prosecute or obey court orders pursuant to Federal Rule of Civil Procedure 41(b). *See State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).   In *Chambers v. NASCO, Inc.*, the Supreme Court discussed a federal court's inherent power to control proceedings and acknowledged that "[i]t has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'"   501 U.S. 32, 43 (1991). (quoting *United States v. Hudson*, 11 U.S. (7 Cranch) 32 (1812)); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (noting that the authority of the court to dismiss *sua sponte* for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) is an inherent power vested in courts to manage their case load); *Clark v. James*, 794 F.2d 595, 597 (11th Cir. 1986) (dismissal for want of prosecution); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (same).   "Dismissal is generally reserved for cases of willful disobedience to court orders."   *State Exchange Bank*, 693

---

[3] Plaintiff counsel's attempts to reach Plaintiff at this address were unsuccessful and returned to counsel.   *See* Docs. 17-1, 17-5.

F.2d at 1352.   A plaintiff's failure to comply with court orders and local rules and a clear record of delay demonstrating lack of prosecution warrants dismissal.   *Jones v. Graham*, 709 F.2d 1457, 1462 (11th Cir. 1983).   Pursuant to Middle District of Florida Local Rule 3.10(a), "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution."   M.D. Fla. Rule 3.10(a).

Plaintiff, through counsel, initiated this matter pursuant to the Fair Labor Standards Act to recover unpaid overtime wages by filing the Complaint on June 17, 2013, and was granted leave to proceed *in forma pauperis.*   Docs. 1, 4.   Defendants have yet to be served.   Plaintiff requested a waiver of service and the United States Marshal Service attempted to serve Defendants by certified mail.   Docs. 12, 13. Defendants did not acknowledge the service by certified mail.   Personal service was thereafter attempted on Defendant Anthony Chinaglia, but the Process Receipt and Return, dated September 6, 2013, states that he had moved and left no forwarding address.   Doc. 13.   The Process Receipt and Return for the last attempted service on Defendant A&M Capital Investment Group, LLC ("A&M") appears to state that personal service was made on Milos Simovic, as Registered Agent for A&M, on September 13, 2013, but the receipt is nearly illegible.   Doc. 12.

The Federal Rules of Civil Procedure require service of summons and the complaint be made upon a defendant within 120 days of the filing of the complaint.

Fed. R. Civ. P. 4.   Failure to comply with this rule results in dismissal of the complaint without prejudice unless a plaintiff can show good cause as to why service was not made within the 120 day period.   *Id.*; *see also* M.D. Fla. Rule 3.10.   If a defendant has been served and fails to appear a plaintiff is required to promptly file a request for entry of a clerk's default, "failing which the case shall be subject to dismissal by the Court sixty (60) days after service without notice and without prejudice . . . ."   M.D. Fla. Rule 1.07(b).

Plaintiff's former counsel attempted to contact him on numerous occasions in order to proceed with this case and attempted to provide written notice to Plaintiff of his withdrawal, to no avail.   Docs. 17-1, 17-2, 17-3, 17-4, 17-5, 17-6.   Accordingly, the Court found good cause to allow the withdrawal.   Doc. 18.   After counsel's withdrawal, the Court directed Plaintiff to show cause why the matter should not be dismissed for failure to serve Defendants.   Plaintiff was warned that failure to do so would result in this matter being dismissed without further notice.   Plaintiff failed to respond and the time to do so has expired.   The Court finds that Plaintiff is not diligently prosecuting his case by failing to communicate with his attorney and for failing to respond to this Court's Order.   As no satisfactory cause has been shown that would convince the Court that Plaintiff wishes to pursue this case, the undersigned recommends that this case be dismissed.

Accordingly, for the reasons stated in this Report and Recommendation, it is hereby respectfully **RECOMMENDED** that this matter be dismissed for failure to prosecute and for Plaintiff's failure to comply with the orders of this Court pursuant to Federal Rule of Civil Procedure 41(b) and Middle District of Florida Local Rule 3.10(a).

**DONE** and **ENTERED** in Fort Myers, Florida on this 20th day of May, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Honorable John E. Steele
Unrepresented parties